**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

HSIN FANG HU, *on her own behalf and on*
*behalf of others similarly situated*,

|  |  |
|---|---|
| Plaintiff / Counterclaim-Defendant, | Case No.: 1:18-cv-12158-JMF |

v.

TEA POT 88 INC. d/b/a Tea Pot Bubble Tea
& Wheel Pie; JEN 127 INC d/b/a Jen 127; and
JENNIFER KUEI-YING LU,

Defendants /
Counterclaim-
Plaintiffs.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

TEA POT 88 INC. d/b/a Tea Pot Bubble Tea
& Wheel Pie; JEN 127 INC d/b/a Jen 127; and
JENNIFER KUEI-YING LU,

Third-Party Plaintiffs,

v.

HUANGCHING WU,

Third-Party Defendant.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**ANSWER WITH AFFIRMATIVE**
**DEFENSES, COUNTERCLAIM**
**& THIRD-PARTY ACTION**

**Judge Jesse M. Furman**

***Electronically filed***

Defendants / Counterclaim- and Third-Party Plaintiffs, TEA POT 88 INC., JEN 127 INC

and JENNIFER KUEI-YING LU (hereinafter collectively referred to as the "Defendants") by

their attorneys CARTER REICH, PC, and pursuant to Rules 8 and 12, of the Federal Rules of

Civil Procedure, hereby answer Plaintiff / Counterclaim-Defendant, HSIN FANG HU's

(hereinafter the "Plaintiff") Collective Action Complaint and Class Action Complaint (the

"Complaint") and set forth its defenses, Counterclaim and Third-Party Claim as follows:

**AS AND FOR A RESPONSE TO:**
**"<u>INTRODUCTION</u>"**

1.      Paragraph "1" of the Complaint is a statement not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "1" of the Complaint and refer all matters of law therein to the Court.

2.      Deny.

3.      Deny.

4.      Deny.

**AS AND FOR A RESPONSE TO:**
**"<u>JURISDICTION AND VENUE</u>"**

5.      Paragraph "5" is a statement not requiring a response.   To the extent a response is required, Defendants deny the averments contained in Paragraph "5" of the Complaint and refer all matters of law therein to the Court.

6.      Paragraph "6" is a statement not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "6" of the Complaint and refer all matters of law therein to the Court.

**AS AND FOR A RESPONSE TO:**
**"<u>PLAINTIFF</u>"**

7.      Deny.

***"Corporate Defendants"***

8.      Admit.

9.      Deny.

10.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the averments set forth on Paragraph "10" of the Complaint.

11.     Admit.

12.    Deny.

13.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the averments set forth on Paragraph "13" of the Complaint.

*"Owner / Operator Defendant"*

14.    Admit only that individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendant and otherwise deny the averments contained in Paragraph "14" of the Complaint and refer all matters of law therein to the Court.

15.    Admit.

16.    Admit.

17.    Deny.

## AS AND FOR A RESPONSE TO:
## "STATEMENT OF FACTS"

### "Defendants Constitute an Enterprise"

18.    Deny the averments set forth in Paragraph "18" of the Complaint and refer all matters of law therein to the Court.

19.    Admit.

20.    Admit.

21.    Admit.

22.    Deny the averments set forth in Paragraph "22" of the Complaint and refer all matters of law therein to the Court.

23.    Deny.

### "Wage and Hour Claims"

24.    Deny the averments set forth in Paragraph "24" of the Complaint and refer all matters of law therein to the Court.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Deny.

29.     Deny.

30.     Deny.

31.     Deny.

32.     Deny.

33.     Deny.

34.     Deny.

*"Plaintiff HSIN FANG HU "*

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny.

39.     Deny.

40.     Deny.

41.     Deny.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Deny.

47.     Deny.

## AS AND FOR A RESPONSE TO:
## "COLLECTIVE ACTIONS ALLEGATIONS"

48.     Paragraph "48" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "48" of the Complaint and refer all matters of law therein to the Court.

## AS AND FOR A RESPONSE TO:
## "CLASS ACTION ALLEGATIONS"

49.     Paragraph "49" is a statement not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "49" of the Complaint and refer all matters of law therein to the Court.

50.     Paragraph "50" is a statement not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "50" of the Complaint and refer all matters of law therein to the Court.

51.     Deny.

*"Numerosity"*

52.     Deny.

*"Commonality"*

53.      Deny.

*"Typicality"*

54.     Deny.

*"Adequacy"*

55.     Deny.

*"Superiority"*

56.     Paragraph "56" of the Complaint is a statement not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "56" of the Complaint and refer all matters of law therein to the Court.

57.     Deny.

## AS AND FOR A RESPONSE TO:
## "STATEMEN OF CLAIMS"

### COUNT I.

**[Violation of Fair Labor Standard Act -- Failure to Pay Minimum Wage / Unpaid Wages**
**Brought on the behalf of the Plaintiff and the FLSA Collective]**

58.     Defendants incorporate by reference their responses to all Paragraphs "1" through "57" of the Complaint, inclusive, as if fully set forth herein.

59.     Deny.

60.      Paragraph "60" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "60" of the Complaint and refer all matters of law therein to the Court.

61.     Deny.

### COUNT II.
**[Violation of New York Labor Law -- Failure to Pay minimum Wage/ Unpaid Wages**
**Brought on behalf of Plaintiff and Rule 23 Class]**

62.     Defendants incorporate by reference their responses to all Paragraphs "1" through "61" of the Complaint, inclusive, as if fully set forth herein.

63.     Deny.

64.     Deny.

6

65.     Deny.

66.     Paragraph "66" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "66" of the Complaint and refer all matters of law therein to the Court.

## COUNT III.
### [Violations of the Fair Labor Standards Act -- Failure to Pay Overtime
### Brought on behalf of the Plaintiff and the FLSA Collective]

67.     Defendants incorporate by reference their responses to all Paragraphs "1" through "66" of the Complaint, inclusive, as if fully set forth herein.

68.     Paragraph "68" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "68" of the Complaint and refer all matters of law therein to the Court..

69.     Paragraph "69" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "69" of the Complaint and refer all matters of law therein to the Court.

70.     Deny.

71.     Deny.

72.      Paragraph "72" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "72" of the Complaint and refer all matters of law therein to the Court.

73.     Deny.

74.     Deny.

## Count IV.
### [Violation of New York Labor Law — Failure to Pay Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

75.     Defendants incorporate by reference their responses to all Paragraphs "1" through "74" of the Complaint, inclusive, as if fully set forth herein.

76.     Paragraph "76" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "76" of the Complaint and refer all matters of law therein to the Court.

77.     Deny.

78.     Deny.

79.     Deny.

## COUNT V.
### [Violation of New York Labor Law — Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

80.     Defendants incorporate by reference their responses to all Paragraphs "1" through "79" of the Complaint, inclusive, as if fully set forth herein.

81.     Paragraph "81" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "81" of the Complaint and refer all matters of law therein to the Court.

82.     Deny.

## COUNT VI.
### [Violation of New York Labor Law -- Failure to Provide Meal Periods
### Brought on behalf of Plaintiff and the Rule 23 Class]

83.     Defendants incorporate by reference their responses to all Paragraphs "1" through "82" of the Complaint, inclusive, as if fully set forth herein.

84.     Paragraph "84" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "84" of the Complaint and refer all matters of law therein to the Court.

85.     Deny.

86.     Deny.

87.     Deny.

## COUNT VII.
**[Violation of New York Labor Law—Failure to Keep Records
Brought on behalf of Plaintiff and Rule 23 Class]**

88.     Defendants incorporate by reference their responses to all Paragraphs "1" through "87" of the Complaint, inclusive, as if fully set forth herein.

89.     Deny.

90.     Deny.

91.     Deny.

92.     Deny.

## COUNT VIII.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
Brought on behalf of Plaintiff and Rule 23 Class]**

93.     Defendants incorporate by reference their responses to all Paragraphs "1" through "92" of the Complaint, inclusive, as if fully set forth herein.

94.     Paragraph "94" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "94" of the Complaint and refer all matters of law therein to the Court.

95.     Deny.

96.     Deny.

97.     Deny.

## COUNT IX.
### [Violations of New York Labor Law -- Failure to Provide Wage Statements
### Brought on behalf of Plaintiff and Rule 23 Class]

98.     Defendants incorporate by reference their responses to all Paragraphs "1" through "97" of the Complaint, inclusive, as if fully set forth herein.

99.     Paragraph "99" is a statement not requiring a response, except that the Defendants refer all matters of law to the court.

100.     Deny.

101.     Deny.

## COUNT X.
### [Failure to Pay Uniform Maintenance Pay
### 12 N.Y.C.R.R. 146-1.7 and 12 N.Y.C.R.R 137-1.8
### Brought on Behalf of Plaintiffs and the Rule 23 Class]

102.     Defendants incorporate by reference their responses to all Paragraphs "1" through "101" of the Complaint, inclusive, as if fully set forth herein.

103.     Paragraph "103" of the Complaint is a not requiring a response.  To the extent a response is required, Defendants deny the averments contained in Paragraph "103" of the Complaint and refer all matters of law therein to the Court.

104.     Deny.

105.     Deny.

106.     Deny.

## AS AND FOR A RESPONSE TO:
## "PRAYER FOR RELIEF"

**WHEREFORE**, Defendants deny any and all liability to Plaintiff in any sum and demand judgment in their favor and against Plaintiff together with interest, costs, attorney's fees, and any other relief that this Honorable Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

107.    In asserting the defenses as follows, Defendants do not assume any burden of production or proof that it would not otherwise have. In addition, Defendants are continuing to investigate Plaintiff's allegations and, therefore, reserve the right to amend its Answer and Defenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

108.    Plaintiff's claims, and the claims of any individuals whom he alleges were similarly situated to her, are barred in whole or in part by the applicable statute of limitations pursuant to 29 U.S.C. §§216(b), 255, and 256.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109.    Defendants deny this action can be properly maintained as a FLSA collective action or that Plaintiff can carry her burden of establishing the requirements to obtain collective action certification, including conditional certification, under 29 U.S.C. §§216(b). Defendants states that Plaintiff, and the persons whom Plaintiff alleges would comprise a putative class, were never employed by Defendants and /or have received full payment for all work performed for Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

110.    At all relevant and material times in this matter, Plaintiff, or any individuals she alleges were similarly situated to her, were paid in compliance with 29 U.S.C. §207.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

111.    Plaintiff's claims, and the claims or any persons whom Plaintiff alleges were similarly situated to her, were exempt from FLSA's minimum wage and overtime compensation requirements pursuant to 29 U.S.C. §213.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

112.    Further and in the alternative if necessary, Defendants state that its actions with respect to Plaintiff, or any individuals she alleges were similarly situated to her were taken in good faith in conformity with and in reliance on a written administrative regulation, order ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. §§ 259.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

113.    Further, and in the alternative if necessary, Defendants state that its actions with respect to Plaintiff, or any individuals she alleges were similarly situated to her, were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. §260.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

114.    Further, and in the alternative if necessary, even if Plaintiff or any individuals whom she alleges were similarly situated to her were not paid and worked in excess of 40 hours in a work week, such additional time is *de minimis.*

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

115.    Further and in the alternative if necessary, even if Defendant failed to properly pay Plaintiff or any individuals she alleges were similarly situated to her for activities in excess of 40 hours per week, such activities are not an integral and indispensable part of their principal activities of employment and do not constitute compensable work.

12

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

116.    Further, and in the alternative if necessary, even if Plaintiff or any individuals whom she alleges were similarly situated to her prevail, Defendants are entitled to a set off with regard to any monies paid to them for hours when they were not performing compensable work for Defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

117.    Further, and in the alternative if necessary, they are not entitled to any penalty, multiplication of any damages, or extension of the applicable statute of limitations period because Defendant did not willfully, knowingly, or intentionally fail to comply with the FLSA or any other applicable laws.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

118.    Plaintiff was never employed by Defendants in any capacity and is acting as a "strawman" and/or agent of undisclosed principal, Third-Party Defendant HUANGCHING WU. As such, Plaintiff's claims are barred due to her unclean hands.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

119.    Plaintiff was never employed by Defendants and is acting as a "strawman" and/or agent of undisclosed principal, Third-Party Defendant HUANGCHING WU.  As such, Plaintiff's Complaint is frivolous and in violation of FRCP Rule 11(b).

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

120.    Plaintiff's right to recover damages, if any, is barred as a result of her fraudulent acts and the fraudulent acts of those she worked in concert with, namely, Third-Party Defendant HUANGCHING WU, as more fully described herein.

**WHEREFORE**, Defendants deny any and all liability to Plaintiff in any sum and demand judgment in their favor and against Plaintiff, together with interest, costs, attorney's fees, and any other relief that this Honorable Court deems just and proper.

### AS AND FOR DEFENDANTS'
### COUNTERCLAIM & THIRD-PARTY CLAIMS

Defendants, as and for their Counterclaim against Plaintiff and Third-Party Action against Third-Party Defendant, HUANGCHING WU (hereinafter "Third-Party Defendant" or "WU"), aver as follows:

121.    Plaintiff is the spouse of WU.

122.    At all relevant and material times herein, Plaintiff was not an employee of the Defendants.

123.    At all relevant and material times herein, Plaintiff owned her own eyebrow threading and extension business located at 135-25 Roosevelt Avenue #E, Flushing NY 11354, where she worked full time.

124.    In or around 2016, Defendant JENNIFER KUEI-YING LU (hereinafter "LU") and WU discussed opening a bubble tea shop located in Manhattan's Chinatown, in the County and State of New York.

125.    Defendant LU hired Third-Party Defendant WU to set up and be the manager of the shop.

126.    As the manager of the shop, WU was responsible for, among other things, payroll and bookkeeping.

127.    Defendant LU registered the corporate entity Defendant TEA POT 88, Inc. (hereinafter "TEA POT"), wherein LU is the sole shareholder of the corporation.

128.   Defendants LU and/or TEA POT purchased and paid for all of TEA POT'S equipment, supplies, marketing materials, employees' wages, and all other fees, costs and expenses relating to its business.

129.   Defendant TEA POT, opened for business on or about December 11, 2017, at which time it had 9 employees on payroll, none of whom were the Plaintiff.

130.   In or around January, 2018, LU alleged and claimed that (1) WU had no ownership interest in TEA POT; (2) that WU is not entitled to any monies, whether wages/salary/bonuses or otherwise from LU or TEA POT; (3) that WU had misappropriated and embezzled monies from TEA POT for which he must account and reimburse LU and TEA POT; and (4) that WU had without the permission of LU or, TEA POT, removed certain equipment, marketing materials (physical and digital) and refused to return or reimburse to LU and TEA POT for the misappropriated property; and (5) that WU had intentionally damaged the drainage system of TEA POT's business premises.

131.   At or around the same time, WU claimed: (1) to be a shareholder of and to possess an ownership interest in TEA POT with LU; (2) that he was owed monies from LU and/or TEA POT in form of "wages/salary" and "bonus"; and (3) that certain equipment or property used in operating TEA POT belonged to him personally.

132.   Defendant TEA POT ceased operations at the end of February 2018 due to the dispute between LU, TEA POT and WU, less than three-months after opening.[1]

133.   At the time TEA POT ceased operations at the end of February 2018, it had 9 employees on payroll, none of whom were the Plaintiff.

---

[1] Defendant TEA POT reopened in 2018.

134.    Third-Party Defendant WU quit his position as manager of TEA POT on or about March 11, 2018, by intentionally leaving Teapot's place of business without notice to Jennifer or Teapot.

135.    Defendants LU and TEA POT entered into a Settlement Agreement with WU on or about August 23, 2018, resolving the claims between them.

136.    The Settlement Agreement requires WU to save, defend, hold harmless and indemnify  LU and TEA POT from any and all losses, liabilities, proceedings, claims, settlements, judgments, fines, assessments, damages and expenses (including reasonable attorneys' fees and litigation expenses, whether arising out of a third party claim or relating to third party claim or relating to recovering indemnifiable damages from WU) that LU and TEA POT may suffer or incur in whole or in part by reason of or which may arise out of: (i) the inaccuracy or breach of any of the representations, warranties and covenants of WU contained in the Settlement Agreement, (ii) the breach by WU of any of the terms or conditions of the Settlement Agreement; and (iii) enforcement of any terms and conditions of the Settlement Agreement.

137.    Thereafter, on December 26, 2018, Plaintiff commenced the instant litigation for no other purpose than to harass and extort additional monies from Defendants via a "strawman" over a business dispute that has been settled.

### AS AND FOR DEFENDANTS' FIRST COUNTERCLAIM
#### (Abuse of Process)

138.    Defendants incorporate by reference their responses to the averments contained in Paragraphs "1" through "106" of the Complaint, as well as the Affirmative Defenses set forth in Paragraphs "107" through "120", as if fully set forth herein.

139.    Defendants also incorporate by reference the additional averments set forth in Paragraphs "121" through "137" as if fully set forth herein.

140.    Plaintiff has used the legal process in this litigation against Defendants primarily to accomplish a purpose or purposes, as aforesaid, for which the process was not designed, and, as a result, Defendants have suffered harm and damages in the form of disruption of their business, personal and professional lives, stress and psychological damage, reputational harm, incurred legal fees and costs to defend a meritless lawsuit.

141.    As a result of Plaintiff's Abuse of Process in this action, Defendants are entitled to an award of damages, including without limitation legal fees and costs incurred and expended in defending this action and such other reasonable damages, as the law may allow.

142.    Upon information and belief, the actions of Plaintiff (and Third-Party Defendant) are calculated, malicious and undertaken in bad faith in an attempt to harass, annoy and punish Defendants by attempting to extort a monetary settlement through frivolous litigation. Accordingly, Defendants are also entitled to an award of punitive damages.

## AS AND FOR DEFENDANTS' SECOND COUNTERCLAIM
### (Conspiracy)

143.    Defendants incorporate by reference their responses to the averments contained in Paragraphs "1" through "106" of the Complaint, as well as the Affirmative Defenses set forth in Paragraphs "107" through "120", as if fully set forth herein.

144.    Defendants also incorporate by reference the additional averments set forth in Paragraphs "121" through "142" as if fully set forth herein.

145.    Plaintiff and Third-Party Defendant worked in concert in bringing the instant action for no other reason than to harass, annoy and punish Defendants by attempting to extort a monetary settlement through frivolous litigation.

146.     Plaintiff and Third-Party Defendant agreed and /or had a meeting of the minds regarding bringing the instant frivolous litigation.

147.     Plaintiff and Third-Party Defendant have acted overtly and unlawfully in filing the Complaint herein.

148.     Upon information and belief, Third-Party Defendant, while acting as Manager of Defendant TEA POT, created fraudulent bookkeeping records and doctored other business records in anticipation of this litigation and to substantiate Plaintiff's claims herein.

149.     As a result of this conspiracy, Defendants have sustained damages.

**AS AND FOR DEFENDANTS' THIRD-PARY ACTION**
**COUNT I**
**(Aiding and Abetting)**

150.     Defendants incorporate by reference their responses to the averments contained in Paragraphs "1" through "106" of the Complaint, as well as the Affirmative Defenses set forth in Paragraphs "107" through "120", as if fully set forth herein.

.         Defendants also incorporate by reference the additional averments set forth in Paragraphs "121" through "149" as if fully set forth herein.

151.     Plaintiff has used the legal process in this litigation against Defendants primarily to accomplish a purpose or purposes, as aforesaid, for which the process was not designed.

152.     Third-Party Defendant is aware that Plaintiff has brought the instant lawsuit alleging that she was an employee of Defendants, when in fact she never was.

153.     Third-Party Defendant has provided substantial assistance to Plaintiff in bringing the instant frivolous litigation as described herein.

154.     As a result of Third-Party Defendant aiding and abetting the Plaintiff, Defendants have sustained damages.

## COUNT II
### (Conspiracy)

155.    Defendants incorporate by reference their responses to the averments contained in Paragraphs "1" through "106" of the Complaint, as well as the Affirmative Defenses set forth in Paragraphs "107" through "120", as if fully set forth herein.

156.    Defendants also incorporate by reference the additional averments set forth in Paragraphs "121" through "154" as if fully set forth herein.

157.    Third-Party Defendant worked in concert with Plaintiff in bringing the instant action for no other reason than to harass, annoy and punish Defendants by attempting to extort a monetary settlement through frivolous litigation.

158.    Third-Party Defendant and Plaintiff agreed and /or had a meeting of the minds regarding bringing the instant frivolous litigation.

159.    Third-Party Defendant and Plaintiff have acted overtly and unlawfully in filing the Complaint herein.

160.    Upon information and belief, Third-Party Defendant, while acting as Manager of Defendant TEA POT, created fraudulent bookkeeping records and doctored other business records in anticipation of this litigation and to substantiate Plaintiff's claims herein.

161.    As a result of this conspiracy, Defendants have sustained damages.

[continued]

**WHEREFORE**, Defendants / Counterclaim and Third-Party Plaintiffs respectfully request that the Court enter judgment as follows:

A.     Dismissing the Complaint in its entirety.

B.     On the First and Second Counterclaim, awarding damages in favor of Defendants in an amount to be determined at trial.

C.     On the First and Second Counterclaim, awarding punitive damages in favor of Defendants in an amount to be determined at trial.

D.     On the Third-Party Action, awarding damages in favor of Defendants in an amount to be determined at trial.

E.     On the Third-Party Action, awarding punitive damages in favor of Defendants in an amount to be determined at trial.

F.     Awarding Defendants their reasonable costs and fees, including attorneys' fees.

G.     Granting Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
               March 15, 2019

**CARTER REICH, PC**

By:     */s/ Carter A. Reich*
               Carter A. Reich, Esq.
               *Attorneys for Defendant*s /
               Counterclaim-Plaintiffs / Third-
               Party Plaintiffs
               116 Nassau Street, Suite 631
               New York, New York 10038
               (917) 615-0978
               creich@reich.legal

To:     John Troy, Esq. (via ECF)
        *Attorney for Plaintiff*