# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

October 30, 2019

<u>Via ECF</u>
Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
      *NYSD 1:18-cv-12158-JMF Hu v. Tea Pot 88, Inc. et al*

Dear Judge Furman:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

I.   **Background**

Plaintiff HSIN FANG HU ("Plaintiff") has alleged she was employed and not paid lawful wages by Defendants TEA POT 88 INC. d/b/a Tea Pot Bubble Tea & Wheel Pie; and JEN 127 INC d/b/a Jen 127 and JENNIFER KUEI-YING LU ("First-Party Defendants").

This lawsuit was originally filed on November 30, 2017 for violations of the Fair Labor Standards Act and New York Labor Law.  Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: 1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any

allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty-five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs. Defendants have denied all of Plaintiff's claim in its entirety and counter-claimed against Plaintiff. Defendants have further counterclaimed against HUANGCHING WU ("Third Party Defendant").

## II. The FLSA Settlement is Fair and Reasonable

Plaintiff's specific release of all wage-and-hour claims only against Defendants in return for Defendants' release of Plaintiff from all counter-claims and Third-Party Defendant from all cross-claims is fair and the proposed settlement agreement should be approved. There are no other settlement terms. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In determining whether the proposed settlement is fair and reasonable, a court in the Southern District looks to the factors set out in Wolinsky v Scholastic and considers: (1) the plaintiffs range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). On the other hand, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1244.

In the present case, Plaintiff's range of possible recovery is limited while the settlement and currently no other coworker has come forward to corroborate her claims. While the presence of other employees similarly situated to the claimant is decidedly not a requirement, its absence increases the anticipated burdens and expenses of Plaintiff establishing her defense against Defendants' alleged counterclaims. In this context, we note that the litigation risks faced by the parties are substantial. Defendants claimed that Plaintiff never worked for Tea Pot and as such abused the legal process to accomplish the purpose of harassing Defendants. Defendants also claimed that Plaintiff and Third Party

Hon. Jesse M. Furman
Page 3

Plaintiff conspired to achieve the same. Plaintiff claimed that she was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. As a result of this substantial litigation risk, and absent of all fraud or collusion, Plaintiff reached the agreement with Defendants to settle all wage-and-hour claims in exchange for a release of all claims, counterclaims and Crossclaims that Defendants have against Plaintiff and Third Party Defendant.

In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of her work, the hours she worked, and the pay she received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff HSIN FANG HU's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Two Hundred and Thirty Five, and Twenty cents ($235.25) and her minimum wage and overtime compensation and spread-of-hour shortfall was Two Thousand Seven Hundred and Fifty Two, and Seventy One cents ($2752.71) under the NYLL.

After extensive negotiations before the scheduled trial, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiffs and Defendants TEA POT 88 INC. d/b/a Tea Pot Bubble Tea & Wheel Pie; and JEN 127 INC d/b/a Jen 127 and JENNIFER KUEI-YING LU, and HUANGCHING WU (hereinafter "Third Party Defendant") (collectively, "Defendants"). After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff agreed to specific release of all wage-and-hour claims only against Defendants in return for Defendants' release of Plaintiff from all counter-claims and Third-Party Defendant from all cross-claims

Hon. Jesse M. Furman
Page 4

### B. Defendants' Assessment

Defendants' counsel has evaluated Plaintiff's claims, its' defenses as well as its' counter-claims and third-party claims, by discussing with Defendants their potential exposure, likelihood of success on the counter-claims and third-party claims, and the costs and risks inherent in fully litigating these claims and defenses.

Defendants concur with Plaintiff's counsel's assessment. Further, given the limited range of possible recovery for the Plaintiff; the fact that Plaintiff has already been denied collective certification; and, the fact that any limited recovery may be offset by any sanctions imposed on the Plaintiff for failing to comply with the Court's Orders; and following extensive negotiations, Defendants have agreed to discontinue their counter-claims and third-party claims, including withdrawing any requests for sanctions made to the Court, in exchange for a mutual release of all claims herein.

### C. Third Party Defendant's Assessment

Third-Party Defendant's counsel has evaluated Third-Party Plaintiff's claims, by discussing with the Third-Party Defendant his potential exposure, likelihood of success on the third-party claims, and the costs and risks inherent in fully litigating these claims and defenses.

Third-Party Defendant concurs with Third-Party Plaintiff's counsel's assessment. Further, given the limited range of possible recovery for the Plaintiff; the fact that Plaintiff has already been denied collective certification; and, the fact that any limited recovery by the Plaintiff might undermine the third-party claims and support an award of sanctions against the Third-Party Plaintiff for failing to allegedly state a cause of action against the Third-Party Defendant; and following extensive negotiations, Third-Party Defendant agrees to the discontinuance of the Third-Party Plaintiff's claims, including withdrawing any potential requests for sanctions made to the Court, in exchange for a mutual release of all claims herein.

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

Hon. Jesse M. Furman
Page 5

| | |
|---|---|
| **TROY LAW PLLC** <br> *Attorneys for Plaintiffs* <br><br><br> /s/ John Troy <br> John Troy, Esq. <br> 41-25 Kissena Blvd., Suite 119 <br> Flushing, NY 11355 <br> Tel.: 718 762 1324 | **CARTER REICH, PC** <br> *Attorneys for Defendants* <br><br> Carter A. Reich, Esq. <br> 116 Nassau Street, Suite 631 <br> New York, New York 10038 <br> Tel: (917) 615-0978 <br><br> *Attorneys for Third Party Defendant* <br> /s/ Donald N. Rizzuto <br> Donald N. Rizzuto <br> 1 Sylvan Place, Suite 1B <br> Valley Stream, New York 11581 USA <br> (917) 796-5682 |