UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
HSIN FANG HU, *on her own behalf and on behalf* :
*of others similarly situated*, :
: 18-CV-12158 (JMF)
                      Plaintiff and :
                      Counterclaim Defendant, :
: ORDER
   -v- :
:
TEA POT 88, INC., *d/b/a* Tea Pot Bubble Tea & :
Wheel Pie et al., :
:
                      Defendants and :
                      Counterclaim Plaintiffs. :
:
-------------------------------------------------------------- :
:
TEA POT 88, INC., *d/b/a* Tea Pot Bubble Tea & :
Wheel Pie et al., :
:
                      Third-Party Plaintiffs, :
:
   -v- :
:
HUANGCHING WU, :
:
                      Third-Party Defendant. :
:
-----------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The parties in this action, brought in part pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. *See* ECF No. 66. By Order entered September 23, 2019, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* ECF No. 67.

      The Court, having reviewed the parties' letter, dated October 30, 2019, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claims as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36. Among the unique circumstances presented here, Plaintiff admits that "no

other coworker has come forward to corroborate her claims," that her maximum potential damages are less than $3,000, and that there are the risks and likely litigation expenses posed by Defendants' counterclaims.  *See* ECF No. 72, at 2-3.  Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

Finally, the Court notes that although Defendants waive any right to seek sanctions against Plaintiff's counsel as part of the settlement agreement, the Court retains the authority to impose sanctions *sua sponte*.  *See U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134-35 (2d Cir. 2014); *Steeger v. JMS Cleaning Servs., LLC*, No. 17-CV-8013 (DLC), 2018 WL 1363497, at *3 (S.D.N.Y. Mar. 15, 2018); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (discussing federal courts' inherent authority to punish disobedience of their orders).  As explained in the Court's prior Order at ECF No. 70, the Court is compelled to and does impose sanctions on Plaintiff's counsel for the repeated failure to comply with the Court's Orders in this case.  Plaintiff's counsel is hereby SANCTIONED in the amount of two thousand dollars ($2,000), to be paid to the Clerk of Court **within two weeks of the date of this Order**.

Accordingly, the Court approves the settlement, and DISMISSES the case with prejudice.  All pending motions are moot, and the status conference scheduled for October 31, 2019, is CANCELLED.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 30, 2019
New York, New York

JESSE M. FURMAN
United States District Judge